# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 27, 1984

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-269

Re: Whether the real and personal property of the Blue Bird Circle is exempt from ad valorem taxes

Dear Mr. Driscoll:

You have asked this office to determine whether section 11.18 of the state Property Tax Code exempts from ad valorem taxation the real and personal property of the Blue Bird Circle.  Section 11.18 exempts charitable organizations from taxation of their buildings and tangible property, provided that the organization can meet certain stated requirements.  We conclude that the Blue Bird Circle does not meet these statutory requirements for exemption under section 11.18.  We limit our answer to the particular facts which you have given us.

You inform us that the Blue Bird Circle [hereinafter Circle] is a non-profit Texas corporation which owns a tract of land on which it maintains an office building and two resale shops.  The Circle uses the office building for its various programs and meetings; the resale shops sell merchandise which has been donated to the Circle.  The Circle uses all profits from its various activities to support the Blue Bird Clinic for Pediatric Neurology, which is located in the Texas Medical Center, several miles away from the property in question.

Section 11.18(c) of the Texas Tax Code lists the requirements which an organization must meet to qualify as a charitable organization under the statute:

> (c)  To qualify as a charitable organization for the purposes of this section, an organization (whether operated by an individual, as a corporation, or as an association) must:
>
> (1)  be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and, except as permitted by Subsection (d) of this section, engage

exclusively in performing one or more of the
following charitable functions:

(A) providing medical care without
regard to the beneficiaries' ability to pay;
. . . .

As this office noted in Attorney General Opinion MW-288 (1980),
the court in Hilltop Village, Inc. v. Kerrville Independent School
District, 426 S.W.2d 943 (Tex. 1968), indicated that the activity of
providing facilities which meet special residential requirements of
the aged might qualify as an institution for tax exemption as one of
purely public charity, but only where it also qualified under the
statutory definition of such institutions for tax exemption purposes.
Because the controlling statute (former article 7150, section 7,
V.T.C.S.) at that time restricted exemptions to property of
institutions dispensing aid "without regard to [the] poverty or riches
of the recipient," a requirement which the claimant failed to meet,
the exemption was denied. 426 S.W.2d at 948. See also City of Waco
v. Texas Retired Teacher Residence Corporation, 464 S.W.2d 346 (Tex.
1971). Accordingly, if the property of the Circle is to be accorded a
charitable exemption, the Circle itself must be exempt under section
11.18.

We must conclude that the Circle does not qualify for a section
11.18 tax exemption. We note that the burden of establishing the
requirements for exemption from taxation is on the institution
claiming the exemption, and the exemption must be proved in such a
manner as to leave no doubt. Willacy County Appraisal District v.
North Alamo Water Supply Corporation, No. 13-83-318-CV (Tex. App. -
Corpus Christi, June 28, 1984). Further, in such cases, exemptions
from taxation are never favored, and, in construing laws exempting an
organization, all doubts must be resolved against the institution
claiming the exemption. Hedgecroft v. City of Houston, 244 S.W.2d 632
(Tex. 1951). Both statutory and constitutional provisions purporting
to grant exemption from taxation will be given a narrow and strict
construction, and all doubts must be resolved against the granting of
the tax exemption. Hilltop Village v. Kerrville Independent School
District, supra.

Section 11.18(c)(3)(B) of the Tax Code requires that charter,
bylaws, or regulations adopted by the organization to govern its
affairs must

direct that on discontinuance of the organization
by dissolution or otherwise the assets are to be
transferred to this state or to an educational,
religious, charitable, or other similar organiza-
tion that is qualified as a charitable

organization under Section 501(c)(3), Internal Revenue Code of 1954, as amended.

Article I, section 3 of the Circle's bylaws reads:

Section 3.  No part of the property of this Corporation shall ever be utilized for the private gain or profit of any officer, director, or member, as such, of the Corporation.

In its brief, the Circle refers to section 3 as ensuring that its assets are "perpetually dedicated to use in performing the organization's charitable function." The Circle asserts that this provision satisfies the statutory requirements of section 11.18(c)(3). We disagree. There is no provision in the documents submitted to us that directs the Circle's assets to be transferred in the required manner in the event of its discontinuance.

The tax status of the corporation for this year is determined by its qualifications on January 1, 1984. Prop. Tax Code §11.42. Because the Circle does not meet the section 11.18(c) statutory requirements of a charitable organization, we conclude that its property is not exempt from ad valorem taxation.

## S U M M A R Y

The Blue Bird Circle does not meet the statutory requirements to qualify as a charitable organization and, therefore, is not exempted from ad valorem taxation by section 11.18 of the state Property Tax Code.

Very truly yours

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs